## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **EXPORT DEVELOPMENT CANADA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Case No. _____** |
| | § | |
| **HANOVER  SPECIALTIES,  INC.,  d/b/a** | § | |
| **VITRITURF,** | § | |
| | § | |
| **Defendant.** | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Export Development Canada, ("EDC" or "Plaintiff") files this original complaint against Defendant, Hanover Specialties, Inc. d/b/a Vitriturf ("Hanover"), and shows the Court the following:

## PARTIES

1.      Plaintiff EDC is a Canadian Crown Corporation with its principal offices and place of business at 150 Slater St., Ottawa, Ontario, Canada K1A 1K3.  EDC is the successor in interest to Les Revetements Polyval Inc. ("Polyval"), a Canadian corporation, pursuant to the assignment agreement by and between EDC and Polyval dated February 14, 2019.

2.      Defendant Hanover Specialties, Inc. is a New York corporation and maintains, with its principal place of business in New York and regional headquarters in Pilot Point, Texas. Hanover may be served through its CEO and President Steve Noskin, at 6496 Silver Stream Lane, Frisco, Texas 75038 or wherever he may be found.

## JURISDICTION AND VENUE

3.      The court has personal jurisdiction over Hanover in this action because Hanover has engaged in continuous and systematic activities with the State of Texas as evidenced by its

registration to conduct business in Texas, its regional headquarters located in Texas, and conducting business and offering services in Texas. Moreover, many of the shipments at issue in this action were delivered to Hanover's warehouse in Texas.

4.      The court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. EDC and Polyval are citizens of Canada, and Hanover is a citizen of New York with a registered office in the Eastern District of Texas.

5.      Venue is proper in the Court under 28 U.S.C. § 1391(b)(1)-(3) because Hanover's registered office in Texas is located in the Eastern District of Texas and a substantial part of the events or omission giving rise to the claims occurred in the Eastern District of Texas.

## FACTS

6.      Polyval is Canadian based company engaged in the business of, among other things, providing high–performance industrial strength protective coatings to its customers across the globe. Hanover, also known as "Vitritruf," is in the business of installing cushioned, seamless flooring surfaces for playgrounds and other multi-purpose systems across the country, including in the state of Texas.  Hanover utilizes the coatings, also known as a polyurethane "binder," offered by Polyval with other materials to create the rubber layer of the seamless cushioned surfaces.

7.      Polyval's and Hanover's business relationship began in or around 2015. Hanover would place an order with Polyval by requesting certain amounts of top and base binder (the "Materials"), to be delivered to one of Hanover's warehouses located in Texas, New York, Tennessee or Florida.  Once an order was placed, Polyval would agree to sell to Hanover the requested Materials pursuant to the terms and conditions reflected on the related invoices, which

required payment by Hanover within 120 days. Over the course of their business dealings, the volume of Materials purchased by Hanover increased substantially, with several of the shipments delivered to Hanover's regional headquarters in Pilot Point, Texas located in Denton County.

8.      In or around August 2018, Polyval began placing orders with Polyval for certain Materials to be shipped to its warehouses. Consistent with their ordinary course of business, Polyval agreed to sell, and Hanover agreed to buy, the requested Materials pursuant to the same customary terms and conditions, including full payment for the Materials within 120 days (the "Agreements"). More important to this litigation, the Agreements created an account (the "Account") where Hanover could purchase the Materials from Polyval on credit with payment due pursuant to the terms of the Agreements and the invoices issued by Polyval.

9.      At Hanover's request, Polyval delivered and Hanover accepted the Materials, agreeing to pay the designated prices listed in the invoices within 120 days.

10.     Despite having accepted delivery of the Materials, however, Hanover failed to pay for the Materials pursuant to certain invoices provided to Hanover (the "Invoices") as outlined in the following chart:

| DATE | INVOICE NUMBER | AMOUNT DUE |
|---|---|---|
| 8/2/2018 | INV122765 | $40,068.00 |
| 12/19/2018 | PMT009164[1] | -$1,500.00 |
| 8/23/2018 | INV122966 | $62,124.00 |
| 8/30/2018 | INV123038 | $60,408.00 |
| 8/31/2018 | INV123068 | $43,468.00 |
| 9/18/2018 | INV123240 | $60,156.00 |
| 9/6/2018 | INV123298 | $16,632.00 |

[1] This payment was applied against Invoice No. 122765.

| 9/28/2018 | INV123396 | $59,184.00 |
|---|---|---|
| 10/11/2018 | INV123491 | $30,816.00 |
| 10/23/2018 | INV123637 | $29,592.00 |
| 10/23/2018 | INV123638 | $18,358.00 |
| 11/13/2018 | INV123905 | $52,092.00 |
| 11/21/2018 | INV123999 | $9,686.00 |
| 11/30/2018 | INV124095 | $60,023.00 |
| **AMOUNT UNPAID:** | | **$541,107.00** |

11.     Despite repeated written demands to Hanover, Polyval has been unable to collect the unpaid amounts for the Materials. After all credits and offsets, $541,107.00 remains past due.

12.     On or around February 14, 2019, Polyval assigned all right, title, and interest in the Agreements, Account, and Invoices to EDC. As of the date of this Complaint, the principal amount due and owing to EDC is $**541,107.00**, plus interest and attorneys' fees.

13.     All conditions precedent to EDC's recovery have been fully performed, or have occurred, or have been waived.

## <u>COUNT ONE—BREACH OF CONTRACT</u>

14.     Each of the foregoing paragraphs are incorporated and reasserted herein by reference.

15.     Polyval and Hanover entered into the Agreements that allowed Hanover to purchase the Materials on credit from Polyval, with payment due within 120 days. Polyval fully performed its obligations under the Agreement by delivering Materials to Hanover, which were accepted by Hanover.

16.     Despite demand, Hanover breached the Agreements and its obligations under the Agreements, by wrongfully failing and refusing to pay the amounts due and owing for the

Materials.  As a result of these breaches, Hanover directly and proximately caused EDC, as successor in interest to Polyval, damages in the amount of at least $541,107.00, plus pre-judgment interest, attorneys' fees, and costs and expenses allowed by applicable law.

## COUNT TWO—UNPAID ACCOUNT

17.     Each of the foregoing paragraphs are incorporated and reasserted herein by reference.

18.     In the alternative and without waiving the foregoing, in the ordinary course of its business and pursuant to the Agreements, Polyval provided the Materials to Hanover. The Materials were provided at the request of Hanover. Hanover accepted the Materials and agreed to pay the designated prices, which were reasonable, usual, and customary prices for the Materials. As detailed above, a systematic record of the Materials was kept.

19.     Despite demand for payment, Hanover has defaulted in making payment on the Account and continues to fail and refuse to pay the amount due on the Account.  The principal amount due to EDC on the Account, after all just and lawful offsets, credits and payments have been allowed is at least $541,107.00, plus pre-judgment interest, attorneys' fees, and costs and expenses allowed by applicable law.

## COUNT THREE—QUANTUM MERUIT

20.     Each of the foregoing paragraphs are incorporated and reasserted herein by reference.

21.     In the alternative and without waiving the foregoing, Polyval, acting in the ordinary course of business, furnished Hanover with certain Materials, as detailed above. Hanover received and accepted the Materials, unjustly enriching Hanover at the expense of EDC as successor in interest to Polyval.  Hanover knew, or should have known, that the Materials were provided in anticipation of compensation, and were not furnished gratuitously.  After all

offsets, payments and credits, the reasonable unpaid value of the Materials is at least $541,107.00. Despite demand, Hanover wrongfully refused to pay the reasonable value of the Materials, for which sum EDC sues.

## COUNT FOUR—UNJUST ENRICHMENT

22.     Each of the foregoing paragraphs are incorporated and reasserted herein by reference.

23.     In the alternative and without waiving the foregoing, at Hanover's request, Polyval furnished Hanover with certain Materials, as detailed above. Hanover received and accepted the Materials, unjustly enriching Hanover at the expense of EDC as successor in interest to Polyval.  Hanover knew, or should have known, that the Materials were provided in anticipation of compensation, and were not furnished gratuitously.  After all offsets, payments and credits, the reasonable unpaid value of the Materials is at least $541,107.00.

24.     It violates equity and good conscience to allow Hanover to retain the Materials without just compensation to EDC.  By reason of the forgoing, EDC has sustained and will continue to sustain damages in an amount to be determined at trial, but in no event less than $541,107.00.

## COUNT FIVE—ATTORNEY'S FEES

25.     Each of the foregoing paragraphs are incorporated and reasserted herein by reference.

26.     Polyval previously presented Hanover with written demand for its claims. Despite demand, Hanover failed and refused to pay the balances due.  As a result, EDC has been required to retain the law firm of Bell Nunnally & Martin, LLP to enforce its rights and has agreed to pay the firm a reasonable fee for its services, both herein and in the event of any appeals or petitions for review. EDC has incurred, and will continue to incur, reasonable

attorneys' fees, which it seeks to recover as damages from Hanover pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code, and other applicable law.

## PRAYER

WHEREFORE, premises considered, Plaintiff Export Development Canada requests that Defendant Hanover Specialties, Inc. be cited to appear and answer this Complaint and that upon final hearing that Export Development Canada have judgment against Defendant Hanover Specialties, Inc. as follows:

a. Damages in the principal amount of approximately $541,107.00 based on the causes of action asserted in Counts one through four above;

b. Pre- and post-judgment interest at the maximum rate allowed by applicable law;

c. Reasonable attorneys' fees and expenses for pre-trial, trial, and any subsequent appeal and petitions for review;

d. All costs of suit; and

e. All such other and further relief, at law and in equity, to which EDC may be entitled in law or equity.

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By: _/s/Anthony J. Bégon_
      Randall K. Lindley
      State Bar No. 12367300
      rlindley@bellnunnally.com
      Anthony J. Bégon
      State Bar No. 24092109
      abegon@bellnunnally.com

2323 Ross Avenue, Suite 1900
Dallas, Texas 75201
Telephone:  (214) 740-1400
Telecopy:  (214) 740-1499

**ATTORNEYS FOR PLAINTIFF**
**EXPORT DEVELOPMENT CANADA**